Dennis FLORES, Plaintiff,

v.

Agent Jim LONG, individually and in his official capacities; Deputy Sheriff Paul Sena, individually and in his official capacities; Captain A.E. Archibeque, individually and in his official capacities; Patrolman Edward Apodaca, individually and in his official capacities; Dudley Lloyd, individually and in his official capacities; Richard C de Baca, individually and in his official capacities; and The Department of Public Safety (New Mexico State Police), Defendants.

No. CIV 94–0731 LH/LFG.

United States District Court,
D. New Mexico.

Aug. 17, 1995.

Robert Richards, Santa Fe, NM, Ilene Chase, Glorietta, NM, for Plaintiff.

Donald C. Schutte, Schutte & Trafton, Albuquerque, NM, for Defendants.

## MEMORANDUM OPINION AND ORDER

HANSEN, District Judge.

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment (Docket No. 36). Having reviewed the submissions of the parties, having considered the applicable law, and otherwise being fully informed in the matter, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against Defendant Department of Public Safety, and Plaintiff's official capacity claims against Defendants Long, Archibeque, Apodaca, Lloyd, and de Baca due to Eleventh Amendment immunity. As a result, the Court concludes, *sua sponte,* that the case should be remanded to the state court from which it was originally removed. Consequently, Defendants' Motion for Summary Judgment will be denied without prejudice.

### Background

Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983 in state court alleging that the defendant officers violated his federal constitutional rights secured by the First, Fourth, and Fourteenth Amendments. Plaintiff's complaint for damages also asserts claims based upon state tort law pursuant to the New Mexico Tort Claims Act, including claims for excessive force, false arrest, and malicious prosecution. Defendants timely removed this action to federal district court pursuant to 28 U.S.C. § 1441.

### Eleventh Amendment Immunity

The Eleventh Amendment bars a suit for damages against a state or a state agency or department in federal court unless the state unequivocally waives its sovereign immunity or unless Congress waives the states' sovereign immunity in creating the underlying statutory cause of action. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–103, 104 S.Ct. 900, 907–10, 79 L.Ed.2d 67 (1984) ("*Pennhurst II*"); *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). Additionally, a suit against a state official in his or her official capacity is essentially a suit for damages against the state itself and is, therefore, similarly barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 169–70, 105 S.Ct. 3099, 3107–08, 87 L.Ed.2d 114 (1985).

Congress did not abrogate the states' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979). Under the Tort Claims Act, New Mexico has waived its immunity from suit in its own state courts for actions of law enforcement officers. NMSA 1978, § 41–4–12 (1989 Repl.Pamp.). However,

New Mexico has not waived its Eleventh Amendment immunity from suit in federal court. NMSA 1978, § 41–4–4F (1989 Repl. Pamp.); *Wojciechowski v. Harriman*, 607 F.Supp. 631, 634 (D.N.M.1985). Consequently, this Court lacks jurisdiction to hear Plaintiff's claims against the New Mexico Department of Public Safety and the defendant officers of the New Mexico Department of Public Safety in their official capacities. *Edelman*, 415 U.S. at 662–63, 94 S.Ct. at 1355–56. These claims must be remanded to the state court from which they were removed.

### Remand

Although not raised by either party, the Court must address its jurisdiction to consider the remainder of Plaintiff's claims that do not implicate the Eleventh Amendment. Defendants removed this case under 28 U.S.C. § 1441. However, this section only authorizes the removal of civil .actions that are within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) (1994). It is clear that this Court does not have original jurisdiction over the entirety of Plaintiff's case originally filed in state court. Thus, the Court must decide whether this case was improvidently removed by Defendants.

■ A federal court's removal jurisdiction is statutory in nature and is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Any doubts are to be resolved in favor of remand. *Laughlin v. K Mart Corp.*, 50 F.3d 871, 873 (10th Cir.1995); *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Radio Shack Franchise Dept. v. Williams*, 804 F.Supp. 151, 153 (D.Kan.1992). The need for strictly limiting the removal jurisdiction of the federal courts arises out of respect for the sovereignty of state governments and protection of state judicial power. *Shamrock*, 313 U.S. at 108–09, 61 S.Ct. at 872. If a case was removed "improvidently and without jurisdiction," the case must be remanded. 28 U.S.C. § 1447(c) (1994).

■ It is clear that this Court possesses original jurisdiction over Plaintiff's Section 1983 *claims* against the individual defendants in their individual or personal capacities. An official sued in his or her individual capacity is not cloaked in the state's Eleventh Amendment protection from suit and can be a "person" liable under Section 1983 for deprivation of federal rights. *Hafer v. Melo*, 502 U.S. 21, 30–31, 112 S.Ct. 358, 364–65, 116 L.Ed.2d 301 (1991). In addition, this Court would have supplemental jurisdiction over Plaintiff's state law *claims* against the individual defendants in their individual capacities. 28 U.S.C. § 1367(a) (1993).

■ The courts, however, are split as to the meaning of "civil action" within 28 U.S.C. § 1441. The Tenth Circuit has yet to address the issue. However, one line of authority, led by the Fifth Circuit's decision in *McKay v. Boyd Constr. Co.*, 769 F.2d 1084 (5th Cir.1985), holds that "civil action" refers to the entirety of the case filed in state court. *See also Frances J. v. Wright*, 19 F.3d 337, 340–342 (7th Cir.1994); *Simmons v. State of California*, 740 F.Supp. 781, 785 (E.D.Cal. 1990); *Stephans v. State of Nevada*, 685 F.Supp. 217, 220 (D.Nev.1988); and *Keenan v. Washington Metro. Area Transit Auth.*, 643 F.Supp. 324 (D.D.C.1986). Under this line of reasoning, if any bona fide claim asserted by the plaintiff in the state court proceeding could not be originally brought in federal district court, then that claim, along with the entirety of the case must be remanded to state court.

> From our reading of the removal statute, we agree with *McKay*—if even one claim in an action is jurisdictionally barred from federal court by a state's sovereign immunity, or does not otherwise fit within the original or supplemental jurisdiction of the federal courts, then, as a consequence of § 1441(a), the whole action cannot be removed to federal court.

*Frances J.*, 19 F.3d at 341 (citation omitted). These courts ground their analysis, first in a literal reading of the removal statute, followed by judicial considerations of comity and judicial economy.

A contrary line of reasoning stems from the decision of *Texas Hosp. Assn. v. National Heritage Ins. Co.*, 802 F.Supp. 1507, 1514–1516 (W.D.Tex.1992). In *Texas Hosp.*, the

Court reasoned that *Simmons* and *Keenan* read too much into the Fifth Circuit's *McKay* opinion. The *McKay* court had found that the remand of a claim against a state department also required remand of claim against a private contractor, at least partly because joint liability had been asserted. *McKay,* 769 F.2d at 1086–87. The *Texas Hosp.* court concluded that the presence in federal court of a claim barred by the Eleventh Amendment did not mandate remand of the entire case to the state court from which it was removed. *Texas Hosp.,* 802 F.Supp. at 1514–16. While a mechanical reading of Section 1441 would seem to support a contrary conclusion, the *Texas Hosp.* court argued that several problems existed with such a literal interpretation. First, if a plaintiff originally filed its civil action in federal court, the court would be permitted to dismiss those claims barred by the Eleventh Amendment and retain jurisdiction over the remainder of the claims. *Id.* at 1515. Second, although Section 1441 may not countenance the removal of bits and pieces of cases, Section 1447 does not preclude federal courts from remanding bits and pieces of cases. *Id.* Finally, under *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court has expressed its affirmance of the right to have federal rights vindicated by federal courts. *Id.*

The Sixth Circuit has also refused to read the *McKay* opinion so broadly. *Henry v. Metropolitan Sewer Dist.,* 922 F.2d 332, 338–39 (6th Cir.1990).

> To the extent that *McKay* forecloses consideration of claims unaffected by the [E]leventh [A]mendment in favor of remand pursuant to 28 U.S.C. § 1447(c), we reject its analysis as fundamentally incompatible with *Pugh* [*Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) ] and *Pennhurst II.* Pursuant to *Pugh* and *Pennhurst II,* therefore, the [E]leventh [A]mendment apparently presents a jurisdictional bar to claims, not to entire cases which involve claims implicating the [E]leventh [A]mendment.

*Henry,* 922 F.2d at 337.

I concur with the Seventh Circuit's analysis of Section 1441(a) in *Frances J.* Section 1441(a) does not countenance the removal of bits and pieces of Plaintiff's case. The fact that a different result would occur had Plaintiff filed his case originally in federal court is irrelevant. Plaintiff chose a state forum to pursue his civil action. Defendants should not be permitted to split a plaintiff's case and force the plaintiff to litigate in multiple forums when the clear statutory language of Section 1441(a) evinces no such intent. *Shamrock.* To conclude otherwise ignores the right of a plaintiff to choose his or her forum, disregards basic principles of judicial economy, and runs directly counter to the Supreme Court's directions that the right of removal is to be strictly construed. *Shamrock,* 313 U.S. at 109, 61 S.Ct. at 872.

The ramifications of what is in effect "partial removal" under the *Texas Hosp.* approach is portrayed in this case. Plaintiff's various claims under 42 U.S.C. § 1983 and the Tort Claims Act arise out of the same set of facts and alleged course of conduct by Defendants. If this Court remands only those claims barred by the Eleventh Amendment, Plaintiff will be forced to litigate essentially the same case in both state and federal court. The clear potential for contradictory results, the implications of *res judicata,* issues of abstention, and the inefficient use of judicial resources all counsel against such an approach.

The fact that a federal court may, in its discretion, remand individual claims under 28 U.S.C. § 1447 is similarly irrelevant to the determination of the propriety of removal of a civil action in the first instance. The *Texas Hosp.* court failed to address the fact that the civil action was improvidently removed under the unambiguous language of 28 U.S.C. § 1441(a).

Finally, I disagree with the Sixth Circuit's position that remanding the entire case, including those claims unaffected by the Eleventh Amendment, is fundamentally incompatible with *Pugh* and *Pennhurst II.* First, neither *Pugh* nor *Pennhurst II* were removal cases and neither addressed the scope of a federal court's removal jurisdiction as allowed under Section 1441(a). In addition, the language of the *Pennhurst II* decision relied upon by the *Henry* court stands for

the rather unremarkable proposition that a federal court must examine each individual claim in order to determine if Eleventh Amendment immunity bars federal court consideration of that individual claim. *Henry*, 922 F.2d at 339 (citing *Pennhurst II*, 465 U.S. at 121, 104 S.Ct. at 919). The *Pennhurst II* court stated this position only to support its holding that "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Pennhurst II*, 465 U.S. at 121, 104 S.Ct. at 919. There is nothing incompatible with the Court's holding in *Pennhurst II* and the conclusion that the Defendants improvidently removed this case because the Eleventh Amendment claims prevent this civil action from being one which could have been originally filed in this Court. The entire case must be remanded, not because of the existence of claims barred by the Eleventh Amendment, but rather because the civil action should not have been removed in the first instance. 28 U.S.C. § 1441(a) (1994).

The Court is aware that this case has been on the federal docket for nearly one year and that discovery is complete. However, the Court lacks subject matter jurisdiction over a substantial portion of Plaintiff's claims. These claims must be remanded in any event. The principles outlined above are best served, therefore, by remanding the entire case.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment is **denied,** without prejudice.

**IT IS FURTHER ORDERED** that this case be remanded to the Fourth Judicial District Court, San Miguel County, New Mexico.