**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAYME HILL,

      Plaintiff-Counter-
      Defendant-Appellee,

    v.

NEW MEXICO SCHOOL FOR THE
DEAF, State of New Mexico, ex rel;
MITZI BAKER-GARLAND; THOMAS
J. DILLON, III; CAROLYN SESSA; J.
FLOYD TRUJILLO, individually and in
their official capacities as members of the
Board of Regents of the New Mexico
School for the Deaf; GILBERT
DELGADO, individually and in his
official capacity as superintendent of New
Mexico School for the Deaf; LYNN ANN
BARBERO, individually and in her
official capacity as principal of New
Mexico School for the Deaf; JIM
LUCERO, individually and in his official
capacity as counselor at New Mexico
School for the Deaf; W.N. "BILL"
DIXON,

      Defendants-Appellants.

    v.

No. 96-2090
(D.C. No. CIV 95-117 M)
(D. New Mexico)

STATE OF NEW MEXICO, ex rel. Risk
Management Division New Mexico State
of New Mexico; NEW MEXICO
SCHOOL FOR THE DEAF, State of New
Mexico, ex rel. Risk Management
Division of the General Services
Department of the State of New Mexico,
ex rel.,

        Counter and Cross-Claim
        Defendants.

---

## ORDER AND JUDGMENT[*]

---

Before LUCERO, LOGAN and MURPHY, Circuit Judges.

---

Jayme Hill filed this action in state court against defendants State of New Mexico

ex rel. New Mexico School for the Deaf, five of the School's Board of Regents, the

School's principal and superintendent, and Jim Lucero, a School counselor, all in their

individual and official capacities, alleging that Lucero sexually harassed plaintiff.

Plaintiff then amended the complaint adding federal law claims under 42 U.S.C. § 1983,

Title IX, and the Americans with Disabilities Act. Defendants removed the case to

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

federal court under 28 U.S.C. § 1441. The district court, however, determined that the Eleventh Amendment precluded federal jurisdiction over the damages claims against the state and the individual defendants in their official capacities, and that neither the New Mexico Tort Claims Act nor defendants' removal motion waived this immunity. See N.M. Stat. Ann. § 41-4-4-(F). The district court found that "an Eleventh Amendment bar renders the entire action non-removable, necessitating remand of the case in its entirety," Appellants' App. 81, relying, inter alia, on Flores v. Long, 926 F. Supp. 166 (D. N.M. 1995). Following our opinion issued this day in Flores v. Long, No. 95-2224 (10th Cir. April 1, 1997), we hold the district court remand order was based on a lack of subject matter jurisdiction, and thus we are barred from reviewing the remand order through appeal or mandamus. See 28 U.S.C. § 1447(c) & (d); Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 349-52 (1976). We therefore DISMISS the appeal and DENY defendants' application for a writ of mandamus.

Entered for the Court

James K. Logan
Circuit Judge