# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.
Clerk

Elisabeth A. Shumaker
Chief Deputy Clerk

June 17, 1997


**TO:**   All recipients of the captioned opinion

**RE:**   95-2224, Flores v. Long
April 1, 1997


Please be advised of the following correction to the captioned decision:

In the second to last sentence of the opinion, the first cite in the sentence should read "§ 1447(c)" instead of "§ 1446(c)."  Please make the correction.

Very truly yours,

Patrick Fisher, Clerk


Susie Tidwell
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DENNIS FLORES,

        Plaintiff-Appellee,

    v.

JIM LONG, Agent; PAUL SENA, Deputy
Sheriff; A. E. ARCHIBEQUE; EDWARD
APODACA, Patrolman; DUDLEY
LLOYD; RICHARD C. DE BACA,
individually and in their official
capacities; DEPARTMENT OF PUBLIC
SAFETY, New Mexico State Police,

        Defendants-Appellants.

No. 95-2224

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV 94-0731 LH/LFG)

Donald C. Schutte, Albuquerque, New Mexico, for Defendants-Appellants.

Ilene Chase, Glorieta, New Mexico, for Plaintiff-Appellee.

Before LUCERO, LOGAN and MURPHY, Circuit Judges.

LOGAN, Circuit Judge.

I

Plaintiff Dennis Flores filed this action in state court against defendants New Mexico Department of Public Safety, New Mexico State Police, and six named law enforcement officers in their individual and official capacities for damages under 42 U.S.C. § 1983 alleging they violated his First, Fourth, and Fourteenth Amendment rights. Plaintiff also asserted state tort claims for excessive force, false arrest, and malicious prosecution.

After removing the action to federal court under 28 U.S.C. § 1441 defendants moved for summary judgment. The district court, however, determined that the Eleventh Amendment precluded federal court jurisdiction over claims against the state and state officials in their official capacities and that the New Mexico Tort Claims Act did not waive this immunity. See N.M. Stat. Ann. §41-4-4(F). The district court then sua sponte found that, lacking subject matter jurisdiction over some of the claims, it did not have original jurisdiction of the "civil action" as required for removal under § 1441(a); therefore it remanded the entire case to state court. Flores v. Long, 926 F. Supp. 166 (D. N.M. 1995). Defendants ask us to review that determination. But because the district court remand order was based on a lack of subject matter jurisdiction, we are barred from reviewing the remand order either through appeal or mandamus.[1]

II

---

[1] If we determine the remand order is reviewable but not appealable because it is not a final order, defendants ask that we construe their appeal as an application for a writ of mandamus.

2

The threshold question is whether we have jurisdiction to review the district court's remand order despite the provision of 28 U.S.C. § 1447(d) that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" (with an exception for civil rights cases not applicable here). Although on its face § 1447(d) appears to preclude appellate review of all remand orders, the Supreme Court has ruled that § 1447(d) bars review only if the district court remands on grounds permitted by § 1447(c). <u>Thermtron Products, Inc. v. Hermansdorfer,</u> 423 U.S. 336, 340-41, 351 (1976) (remand order based on crowded docket reviewable through mandamus because it was based on grounds not set out in § 1447(c)).

When <u>Thermtron</u> was decided, § 1447 provided that the district court shall remand a case if "the case was removed improvidently and without jurisdiction." Section 1447 has since been amended to delete the reference to "improvident removal," and to add the requirement that remand motions based on defects in removal procedure be made within thirty days. It now provides:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).[2]

---

[2] "These changes reflect a congressional intent to delete improvident removal as an unreviewable basis for remand, . . . when a motion to remand based on such improvident removal is made outside the 30-day time limit." <u>In re Shell Oil Co.</u>, 932 F.2d

(continued...)

Congress did not amend § 1447(d), thus the mandate continues that a remand order cannot be reviewed if it rests on § 1447(c). This rule "places a high premium on determining whether remand rests on § 1447(c), a task that is not always easy to perform." 16 Charles A. Wright et al., Federal Practice and Procedure § 3933.1 (2d ed. 1996). In the instant case there was no motion to remand for a defect in removal procedure. Thus, we must determine whether the district court remanded for "lack of subject matter jurisdiction" under § 1447(c). If it did, we may not review the remand order. Sheet Metal Workers Int'l Ass'n v. Seay, 693 F.2d 1000, 1005 (10th Cir. 1982) (remand order not reviewable even if "the district court had employed erroneous principles in concluding that it was without jurisdiction"), aff'd on reh'g, 696 F.2d 780 (10th Cir. 1983) (quotations omitted).

The district court referred to both "subject matter jurisdiction" and §1447(c) in the remand order. Mere mention of § 1447(c) or the "magic words" of subject matter jurisdiction, however, do not automatically render a remand order nonreviewable under § 1447(d). Rather, "powerful policy considerations and persuasive decisional authority support our power--and responsibility--to look past contextually ambiguous allusions and even specific citations to §1447(c) to determine by independent review of the record the actual grounds or basis upon which the district court considered it was empowered to remand." Mangold v. Analytic Servs., Inc., 77 F.3d 1442, 1450 (4th Cir. 1996); see also

[2](...continued)
1518, 1520 (5th Cir. 1991), cert. denied, 502 U.S. 1049 (1992).

Kunzi v. Pan Am. World Airways, Inc., 833 F.2d 1291, 1293-94 (9th Cir. 1987) (although district court cited § 1447(c) appellate court inquired further as to actual basis of remand).

In its remand order the district court found it lacked subject matter jurisdiction over some of plaintiff's claims because of defendants' Eleventh Amendment immunity. Flores, 926 F. Supp. at 168; see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-103 (1984) (Eleventh Amendment bars suit for damages against state in federal court unless state unequivocally waives immunity or Congress does so by statute); Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (suit against state official in official capacity is suit for damages against state and barred by Eleventh Amendment). Thus, the court was required to remand those claims to state court; it believed they constituted a substantial portion of plaintiff's claims.

Whether the Eleventh Amendment is an affirmative defense or a jurisdictional bar which can nonetheless be waived is not clear. In Pennhurst, the Court discussed immunity as a "jurisdictional bar"; however, the Court has never determined whether Eleventh Amendment immunity "is jurisdictional in the sense that it must be raised and decided by this Court on its own motion." Patsy v. Board of Regents, 457 U.S. 496, 516 n.19 (1982). In Mascheroni v. Board of Regents of the University of California, 28 F.3d 1554, 1556-57 (10th Cir. 1994), we characterized the Eleventh Amendment as "a constitutional limitation on the jurisdiction of Article III courts," and noted the split in the circuit cases on whether a court was required to raise the issue sue sponte. Without

5

resolving whether it was permissive or mandatory we did raise the Eleventh Amendment jurisdictional issue sua sponte and ordered dismissed for "lack of jurisdiction" a claim against a state agency under the New Mexico Tort Claims Act. Id. at 1560. Thus the district court's order finding the claims against the state and other defendants in their official capacities were barred by Eleventh Amendment immunity was a good faith finding that it lacked subject matter jurisdiction.

The district court also addressed "its jurisdiction to consider the remainder of Plaintiff's claims that do not implicate the Eleventh Amendment." Flores, 926 F. Supp. at 168.[3] The district court observed that 28 U.S.C. § 1441 "only authorizes the removal of civil actions that are within the original jurisdiction of the district court," id.; 28 U.S.C. § 1441(a) (1994), and then noted the split in the circuits of the meaning of "civil action" under §1441. The district court adopted the "line of authority . . . [that] holds that 'civil action' refers to the entirety of the case filed in state court;" thus "'if even one claim in an action is jurisdictionally barred . . . then, as a consequence of §1441(a), the whole action cannot be removed to federal court.'" Flores, 926 F. Supp. at 168 (quoting Frances J. v. Wright, 19 F.3d 337, 340-342 (7th Cir.), cert. denied, 115 S. Ct. 294 (1994); see also McKay v. Boyd Constr. Co., 769 F.2d 1084 (5th Cir. 1985). The district court declined to

---

[3] The court stated that ordinarily it would have original jurisdiction over plaintiff's § 1983 claims against the individual defendants in their individual capacities and supplemental jurisdiction over plaintiff's state law claims against those defendants. Flores, 926 F. Supp. at 168.

follow the contrary cases which hold that the Eleventh Amendment presents "a jurisdictional bar to claims, not to entire cases which involve claims implicating the [E]leventh [A]mendment." Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 337 (6th Cir. 1990) (rejecting a "mechanical" interpretation of § 1441 and reading McKay narrowly); see also Texas Hosp. Ass'n v. National Heritage Ins. Co., 802 F. Supp. 1507, 1514-16 (W.D. Tex. 1992) (reasoning that if a plaintiff originally filed a civil action in federal court the court could dismiss the claims barred by the Eleventh Amendment and retain jurisdiction of the remaining claims; § 1447 does not preclude remanding "bits and pieces of cases," and the Supreme Court has affirmed the right to have federal rights vindicated in a federal court).

The district court bolstered its literal reading of § 1441 with policy considerations including preserving a plaintiff's choice of forum by preventing defendants from splitting the case and prudential concerns including res judicata, abstention, and use of judicial resources. Flores, 926 F. Supp at 169. The court concluded by finding:

> The Court is aware that this case has been on the federal docket for nearly one year and that discovery is complete. However, the Court lacks subject matter jurisdiction over a substantial portion of Plaintiff's claims. These claims must be remanded in any event. The principles outlined above are best served, therefore, by remanding the entire case.

Id. at 170. The remand order was based to a fair degree upon the court's finding that it lacked subject matter jurisdiction to hear the case. Therefore, the district court remand was pursuant to § 1447(c) and under § 1447(d) we have no jurisdiction to review the

7

remand order.  For the reasons stated we DISMISS the appeal and DENY defendants' application for a writ of mandamus.