110 F.3d 73
 97 CJ C.A.R. 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jayme HILL, Plaintiff-Counter-Defendant-Appellee,
v.
NEW MEXICO SCHOOL FOR THE DEAF, State of New Mexico, ex rel;
Mitzi Baker-Garland; Thomas J. Dillon, III; Carolyn
Sessa; J. Floyd Trujillo, individually and in their
official capacities as members of the Board of Regents of
the New Mexico School for the Deaf; Gilbert Delgado,
individually and in his official capacity as superintendent
of New Mexico School for the Deaf; Lynn Ann Barbero,
individually and in her official capacity as principal of
New Mexico School for the Deaf; Jim Lucero, individually
and in his official capacity as counselor at New Mexico
School for the Deaf; W.N. "Bill" Dixon, Defendants-Appellants.
v.
STATE OF NEW MEXICO, ex rel. Risk Management Division New
Mexico State of New Mexico; New Mexico School for the Deaf,
State of New Mexico, ex rel. Risk Management Division of
the General Services Department of the State of New Mexico,
ex rel., Counter and Cross-Claim Defendants.
 NO. 96-2090.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1997.
 
 ORDER AND JUDGMENT*
 Before LUCERO, LOGAN and MURPHY, Circuit Judges.
 
 
 1
 Jayme Hill filed this action in state court against defendants State of New Mexico ex rel. New Mexico School for the Deaf, five of the School's Board of Regents, the School's principal and superintendent, and Jim Lucero, a School counselor, all in their individual and official capacities, alleging that Lucero sexually harassed plaintiff. Plaintiff then amended the complaint adding federal law claims under 42 U.S.C. § 1983, Title IX, and the Americans with Disabilities Act. Defendants removed the case to federal court under 28 U.S.C. § 1441. The district court, however, determined that the Eleventh Amendment precluded federal jurisdiction over the damages claims against the state and the individual defendants in their official capacities, and that neither the New Mexico Tort Claims Act nor defendants' removal motion waived this immunity. See N.M. Stat. Ann. § 41-4-4-(F). The district court found that "an Eleventh Amendment bar renders the entire action non-removable, necessitating remand of the case in its entirety," Appellants' App. 81, relying, inter alia, on Flores v. Long, 926 F.Supp. 166 (D.N.M.1995). Following our opinion issued this day in Flores v. Long, No. 95-2224 (10th Cir. April 1, 1997), we hold the district court remand order was based on a lack of subject matter jurisdiction, and thus we are barred from reviewing the remand order through appeal or mandamus. See 28 U.S.C. § 1447(c) & (d); Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 349-52 (1976). We therefore DISMISS the appeal and DENY defendants' application for a writ of mandamus.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3