TACHA, Circuit Judge.
Plaintiff Rose Archuleta originally filed this action in New Mexico state court, seeking damages for violations of federal and state law. After Defendants removed the case to federal district court, Archuleta filed a motion to remand the action to state court. The district court granted the motion, ruling that the Eleventh Amendment barred some of the claims in federal court and further that the entire action, including the federal claims not barred by the Eleventh Amendment, should be remanded because removal was not authorized by 28 U.S.C. § 1441(a). Defendants seek to appeal the remand, or, alternatively, if we determine that the remand order is reviewable but not appealable because it is not a final order, they apply for a writ of mandamus reversing the remand. Because the district court remanded this action under 28 U.S.C. § 1441(c), however, we do not have the power to review the remand order either through appeal or mandamus. See 28 U.S.C. § 1447(d). Consequently, we dismiss the appeal and the application for mandamus.
Background
Rose Archuleta, the successor personal representative of the estate of Marvin Ar-chuleta, brought suit in the state district court for the Fourth Judicial District, County of San Miguel, New Mexico, alleging that New Mexico State Police officers used excessive force that resulted in the wrongful death of Marvin Archuleta. Defendants include the chief of the New Mexico State Police, the New Mexico State Police Department, the *1361 New Mexico Department of Public Safety, and various New Mexico State Police officers. Archuleta’s amended complaint asserted violations of 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-12 (Michie Supp.1996). Defendants removed the case to the United States District Court for the District of New Mexico by notice of removal filed on October 25, 1995, based on the federal claims under § 1983. On October 31,1995, Archuleta filed a motion to remand the action to state court under 28 U.S.C. § 1447(e).
In a Memorandum Opinion dated August 15, 1996, the district court granted Archule-ta’s motion to remand the entire action to state court. Citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-03, 104 S.Ct. 900, 907-10, 79 L.Ed.2d 67 (1984), and Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355-56, 39 L.Ed.2d 662 (1974), the court explained that the Eleventh Amendment bars suits in federal court for damages against states, state agencies, and state officials in their official capacities, unless the state unequivocally waives its immunity or Congress expressly abrogates the state’s immunity in creating a statutory cause of action. See Archuleta v. Lacuesta, No. 6:95-CV-1274 MV/DJS, slip op. (unnumbered page 2) (D.N.M. Aug. 15, 1996). The district court noted that Congress did not abrogate states’ Eleventh Amendment immunity in enacting 42 U.S.C. § 1983, see Quern v. Jordan, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979), and that New Mexico has not waived its immunity from suit in federal court, see N.M. Stat. Ann. § 41-4-4(F) (Michie Supp.1996). Thus, the court ruled that it lacked jurisdiction over the claims against the state defendants, including those against the individual state officials in their official capacities, under the Eleventh Amendment. The court found that it only had original jurisdiction over Archuleta’s federal claims against the state officials in their individual capacities, though it could also have exercised supplemental jurisdiction, under 28 U.S.C. § 1367(a), over the state law claims against the officials in their individual capacities. Nevertheless, the district court determined that the entire action, including those claims over which it had jurisdiction, had to be remanded to state court “because the Eleventh Amendment precludes this civil action from being one which could have been originally filed in federal court” and thus was not removable to federal court under 28 U.S.C. § 1441(a). Archuleta v. Lacuesta, slip op. (unnumbered page 6) (citing 28 U.S.C. § 1447(c)).
Discussion
The removal statute, 28 U.S.C. § 1441(a), states in relevant part, “... [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants.... ” Some courts, including the Fifth and Seventh Circuits, have interpreted § 1441(a)’s reference to a “civil action” as requiring that the federal district court to which the case is removed have original (or supplemental) jurisdiction over the action in its entirety, foreclosing the possibility of piecemeal removal. See McKay v. Boyd Constr. Co., 769 F.2d 1084, 1086-87 (5th Cir.1985); Frances J. v. Wright, 19 F.3d 337, 340-42 (7th Cir.), cert. denied, 513 U.S. 876, 115 S.Ct. 204, 130 L.Ed.2d 134 (1994). According to Frances J. and McKay, “if even one claim in an action is jurisdietionally barred from federal court by a state’s sovereign immunity, or does not otherwise fit within the original or supplemental ... jurisdiction of the federal courts, then, as a consequence of § 1441(a), the whole action cannot be removed to federal court.” Frances J., 19 F.3d at 341 (citing McKay with approval).
Other circuits, however, have rejected this interpretation of § 1441, requiring the district courts to remand those claims barred by the Eleventh Amendment and retain jurisdiction over the claims not barred by the Eleventh Amendment. See Kruse v. Hawaii 68 F.3d 331, 334-35 (9th Cir.1995); Henry v. Metro. Sewer Dist., 922 F.2d 332, 338-39 (6th Cir.1990). In deciding to remand this case in its entirety, the district court relied on other cases from the same federal district, see, e.g., Flores v. Long, 926 F.Supp. 166 (D.N.M.1995), appeal dismissed, 110 F.3d 730 (10th Cir.1997), and followed the approach of the Fifth and Seventh Circuits. See Archuleta v. Lacuesta, slip op. (unnumbered page 4).
*1362 The Tenth Circuit has not yet had the opportunity to decide whether the presence of claims barred by the Eleventh Amendment requires remand of an entire civil case to the state court from which it was removed, or only remand of the claims barred by the Eleventh Amendment. We do not determine today which approach the Tenth Circuit will follow because, under 28 U.S.C. § 1447(d), we lack jurisdiction to review the remand order.
This result is dictated by our decision in Flores v. Long, 110 F.3d 730 (10th Cir.1997). Flores involved facts nearly identical to those presented in this case. The district court there had remanded the entire action to state court after analyzing the split among the circuits on this issue and concurring with the unitary “civil action” approach of Frances J. and McKay. Id. at 733. In dismissing the defendants’ appeal and mandamus application in Flores, this court addressed the threshold question of whether we had jurisdiction to review the district court’s remand order in light of 28 U.S.C. § 1447(d). Id. at 731. That provision states in relevant part, “An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise....” The Supreme Court has interpreted § 1447(d) more narrowly than its language suggests, barring appellate review only if the district court remands on grounds permitted by § 1447(c). Things Remembered, Inc. v. Petrarca, — U.S. -, — , 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995); Thermtron Prod., Inc. v. Hermansdorfer, 423 U.S. 336, 345-46, 96 S.Ct. 584, 590-91, 46 L.Ed.2d 542 (1976).
One of the grounds for remanding a case under § 1447(c) is the district court’s lack of subject matter jurisdiction. After examining the district court order in Flores, we held in that case that we could not entertain the defendants’ appeal or mandamus application because the district court had based its remand on its lack of subject matter jurisdiction.
A district court’s assertion that it lacks subject matter jurisdiction, and even explicit references to § 1447(c), does not automatically render a remand order non-reviewable under § 1447(d). See Flores, 110 F.3d at 732. In Flores, we explained that we will determine by independent review the actual grounds upon which the district court believed it was empowered to remand. Id. The district court need not be correct in its determination that it lacked subject matter jurisdiction, however, so long as it made that determination in good faith. See id. at 733.
In Flores, we interpreted the ruling by the district court as a good faith determination that the district court lacked subject matter jurisdiction for two reasons. First, it was reasonable for the Flores district court to treat Eleventh Amendment immunity as a jurisdictional bar because it is unclear whether the Supreme Court would consider Eleventh Amendment immunity to be an affirmative defense or a jurisdictional bar (which nonetheless can be waived) for the purposes of the removal statute. Id. at 732. The Supreme Court has long recognized that the Eleventh Amendment defense possesses qualities both of subject matter jurisdiction, in that it can be raised for the first time on appeal, see, e.g., Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S.Ct. 1347, 1362-63, 39 L.Ed.2d 662 (1974), and that of personal jurisdiction, in that it can be waived by the affected party, Idaho v. Coeur d’Alene Tribe, -U.S. -, -, 117 S.Ct. 2028, 2034, 138 L.Ed.2d 438 (1997). The Court has not directly determined how it would treat Eleventh Amendment immunity for purposes of the removal statute. Flores, 110 F.3d at 732-33.
Second, the district court, in the absence of guidance from this circuit and in light of a split among the other circuit courts, was not unreasonable in following the two circuits that have ruled that a district court lacks jurisdiction to hear any part of a removed action when some of the claims are barred. See id. at 733. This court’s determination that the Flores district court made its jurisdictional findings in good faith was unaffected by the fact that the court also referred to policy considerations such as preserving the plaintiffs choice of forum and judicial economy. See id.
Accordingly, we held:
*1363 The remand order was based to a fair degree upon the [district] court’s finding that it lacked subject matter jurisdiction to hear the case. Therefore, the district court remand was pursuant to § 1447(c) and under § 1447(d) we have no jurisdiction to review the remand order.
Id. Flores, then, stands for the proposition that where a district court in good faith remands a case for lack of jurisdiction under § 1447(c), we do not have the power to review the remand. We lack this power even where the district court may have employed erroneous principles in concluding that remand is required. Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723, 723-24, 97 S.Ct. 1439, 1439-40, 52 L.Ed.2d 1 (1977) (per curiam); FDIC v. Alley, 820 F.2d 1121, 1123 (10th Cir.1987). Thus, even if Eleventh Amendment immunity does not act as a jurisdictional bar for purposes of the removal statute, and even if the unitary “civil action” approach upon which the Flores district court relied is incorrect, until the Tenth Circuit or the Supreme Court has an opportunity to address these issues and decides otherwise, a district court’s reliance on these theories as a basis for remanding an entire case is beyond our power of review. This reasoning was the basis of our dismissal of the appeal in Flores, and it likewise is the basis of our dismissal of the appeal in this case.
The district court here employed the same reasoning as the Flores district court in concluding that it lacked subject matter jurisdiction over the case. See Archuleta, slip op. (unnumbered page 4) (applying unitary “civil action” theory). Here, as in Flores, we find that the district court made its jurisdictional determinations in good faith. As in Flores, the court below bolstered its remand decision with references to judicial economy and deference to the plaintiffs’ choice of forum. See id. (unnumbered pages 4-5). While these considerations, by themselves, are not valid grounds for remand under § 1447(c), see Thermtron, 423 U.S. at 351, 96 S.Ct. at 593-94, here they were not the exclusive grounds for the remand, but rather were in addition to the jurisdictional grounds. Because the remand decision was based to a fair degree on jurisdictional findings, we are precluded by § 1447(d) from reviewing that decision, on appeal or otherwise.
Conclusion
Under 28 U.S.C. § 1447(d), we lack the power to review the district court’s remand order in this case. Accordingly, we dismiss Defendants’ appeal and application for mandamus.