**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 9, 2006**

**TENTH CIRCUIT**

|  |  |
|---|---|
| COLORADO INTERGOVERNMENTAL RISK SHARING AGENCY, a Colorado resident,<br><br>    Plaintiff-Counter-Claim-Defendant-Appellee,<br><br>v.<br><br>NORTHFIELD INSURANCE COMPANY, a Minnesota Insurance Corporation, and TIG INSURANCE COMPANY, a California Insurance Corporation,<br><br>    Defendants-Counter-Claimants-Cross-Claimants-Appellants,<br><br>and<br><br>CITY OF SALIDA, COLORADO,<br><br>    Defendant-Counter-Claimant-Cross-Claimant-Appellee. | Nos. 05-1186<br>& 05-1208<br>(D.C. No. 04-MK-2612)<br>(D. Colo.) |

## ORDER AND JUDGMENT[*]

Before **KELLY**, **SEYMOUR**, and **HARTZ,** Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Northfield Insurance Company (Northfield) and TIG Insurance Company (TIG) (insurers), bring this appeal challenging the district court's remand of the instant action to state court. Because the court remanded for lack of subject matter jurisdiction, *see* 28 U.S.C. § 1447(c), we do not have jurisdiction to review the district court's order. 28 U.S.C. § 1447(d). The appeal is therefore dismissed.

This case arises out of an insurance dispute. The City of Salida, Colorado (the City), had a pool building which suffered substantial structural damage after a severe snow storm. At the time of the damage, the City was one of several members of the Colorado Intergovernmental Risk Sharing Agency (CIRSA), a self-insurance pool. Under this group insurance agreement, CIRSA was obligated to pay up to $250,000 to the City for property losses. The pool building damage and related business losses exceeded $3 million, and CIRSA paid approximately $1.3 million of these losses. The additional damage amounts were to be covered by Northfield and TIG,[1] who provided insurance coverage to both the City and CIRSA. Northfield and TIG declined to provide coverage for the excess damage amounts, claiming the snow storm was not the cause of the damage to the pool building.

---

[1]Northfield is incorporated under the laws of the State of Iowa, and has its principal place of business in Minnesota. TIG is incorporated under the laws of the State of California, with its principal place of business in Texas.

On December 19, 2003, the City filed a lawsuit against CIRSA, Northfield, and TIG in Colorado state court regarding coverage issues arising under the group insurance agreement as well as under the contracts with the insurers. On the same date, CIRSA filed a separate but similar lawsuit against the City and the two insurers. The two cases were subsequently consolidated because the cases presented identical questions of law and fact, i.e.,

> [w]hether the alleged damages to the . . . pool, . . . were caused by a snow storm . . . . Whether the City . . . and CIRSA fulfilled their obligations under Northfield's insurance contract. Whether CIRSA fulfilled its obligations under TIG's insurance contract. . . [and the question of] Northfield's, CIRSA's, TIG's, and the City of Salida's legal rights and responsibilities under their respective insurance contracts for the claims based on the alleged damage to the City['s] . . . hot springs pool.

Aple. App. at 2. Upon consolidation, and consistent with the caption of CIRSA's complaint, CIRSA was deemed the plaintiff, and Northfield, TIG and the City were named as defendants.

On December 17, 2004, nearly a year after this action was instigated, Northfield and TIG filed a Notice of Removal in federal district court. The insurers conceded "that the face of the pleadings exhibit[s] a lack of diversity . . . ." Aplt. App. at 433. However, they "incorporat[ed] by reference . . . arguments in their Joint Motion for Realignment [claiming t]he parties in this action should be realigned to reflect their true interests, thus establishing diversity." *Id.* Despite the insurers' reference to a Joint Motion for Realignment, that document

-3-

was not tendered to the district court until December 20, 2004, three days after the Notice for Removal was submitted. The district court *sua sponte* rejected the removal motion on December 27, 2004, noting the insurers failed to comply with the local rules regarding motion filing. *See* D.C. COLO. LCIVR 7.1; Aple. App. at 9. On December 29, 2004, nine days after the insurers filed their Notice of Removal, they submitted an Amended Joint Motion for Realignment, claiming "the City . . . should be recognized as a party plaintiff rather than, as indicated in the caption, as a defendant in this action . . . ." Aplt. App. at 488. If realigned, diversity would exist between the parties.

The City and CIRSA moved for remand. In granting the motion, the district court referenced the insurers' concession that the pleadings failed to exhibit the required diversity for federal jurisdiction and the insurers' contention

> that perhaps the jurisdictional defect can be remedied by a realignment of the parties . . . .
>     . . . .
>     As a general rule, diversity of citizenship is determined at the commencement of the lawsuit. In this case, whether we determine it at the commencement of the state lawsuit or we determine it at the time the notice of removal was filed makes no difference. The way the parties are configured, there is no diversity. If there is no diversity, this court cannot exercise jurisdiction to remedy the problem.

Aplt. App. at 943-44. Furthermore, in denying the insurers' subsequent Motion for Reconsideration, the court expanded upon its initial decision to remand the action.

[E]ven if the Court agreed with the movants that it has the jurisdiction to realign parties in aid of removal, it would nevertheless find it inappropriate to do so in this case. In cases of removal, the federal court's subject-matter jurisdiction is determined based on the contents of the Notice of Removal. Although the movants' Notice of Removal in this case identifies the need to realign parties, it offers no argument for doing so; instead, it purports to incorporate by reference a Joint Motion for Realignment. However, the Motion for Realignment was not filed contemporaneously with the Notice of Removal; rather for reasons not present in the record, it was not filed until three days later. Because the Motion for Realignment was not in existence at the time of the Notice of Removal, the Court cannot consider it for the purpose of determining jurisdiction.

. . . Thus, because the Notice for Removal offers no substantial argument warranting realignment, the Court lacks subject-matter jurisdiction over this action.

Aplt. App. at 966-67 (citations omitted). Northfield and TIG filed timely notices of appeal from the remand order.

In dismissing this action, we are guided by the federal removal statutes. In particular, 28 U.S.C. § 1447(d) directs that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). While section 1447(d) would appear to bar appellate review of all remand orders, the Supreme Court has limited section 1447(d)'s application to grounds specified under 28 U.S.C. § 1447(c).[2] According to the

_____

[2]Section 1447(c) provides:
A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
28 U.S.C. § 1447(c).

Court,

> [a]s long as a district court's remand is based on a timely raised
> defect in removal procedure or on lack of subject-matter jurisdiction
> – the grounds for remand recognized by § 1447(c) – a court of
> appeals lacks jurisdiction to entertain an appeal of the remand order
> under § 1447(d).

*Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995).

A district court's decision to remand for lack of subject matter jurisdiction or for a procedurally defective removal does not automatically render its decision unreviewable by our court. *Archuleta v. Lacuesta*, 131 F.3d 1359, 1362 (10th Cir. 1997). Rather, "we will determine by independent review the actual grounds upon which the district court believed it was empowered to remand. The district court need not be correct in its determination that it lacked subject matter jurisdiction, however, so long as it made that determination in good faith." *Id.* (citing *Flores v. Long*, 110 F.3d 730, 732, 733 (10th Cir. 1997)). Therefore, "[i]f a district court orders remand [for lack of subject matter jurisdiction, or improper removal procedure], § 1447(d) absolutely prohibits appellate review of the order, and we adhere firmly to this prohibition even where we believe that the district court was plainly incorrect." *Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001) (citing *Archuleta*, 131 F.3d at 1363).

A full review of the record compels the conclusion that the district court's remand of this action was predicated on the absence of subject matter jurisdiction due to the parties' lack of diversity. In granting the City's Motion for Remand,

the district court held that diversity was lacking both at the time the lawsuit commenced and when the Notice for Removal was filed. *See Laughlin v. Kmart Corp.* 50 F.3d 871, 873 (10th Cir. 1995) (jurisdiction should be determined from allegations of complaint or allegations in notice of removal). The court therefore concluded it lacked jurisdiction to realign the parties to create diversity. In further denying the insurers' Motion to Reconsider, the court explicitly stated it did not have jurisdiction to realign the parties because the insurers' Notice of Removal provided only conclusory assertions that realignment was appropriate and lacked any "substantial argument warranting realignment." Aplt. App. at 967. Even if, for the sake of argument, the district court should have exercised jurisdiction to realign the parties, we cannot entertain the insurers' claims on appeal. The district court remanded this action based on its belief that it lacked subject matter jurisdiction over the controversy. Section 1447(d) therefore bars us from reviewing that ruling.

Accordingly, the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge