**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, and successor to The First National Bank and Trust Company of Oklahoma City, Petitioner,**

v.

**Honorable Wayne E. ALLEY, United States District Judge for the Western District of Oklahoma, Respondent.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of The First National Bank and Trust Company of Oklahoma City, Petitioner,**

v.

**Honorable Wayne E. ALLEY, United States District Judge for the Western District of Oklahoma, Respondent.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of The First National Bank and Trust Company of Oklahoma City, Plaintiff-Appellant,**

v.

**McCLAIN COUNTY NATIONAL BANK OF PURCELL, a national banking association; First State Bank of Blanchard, a state banking association; Defendants-Appellees,**

**Reece & Gray, Inc., an Oklahoma corporation; E.R. Reece, an individual; Richard A. Gray, an individual, Defendants-Counterclaimants-Appellees.**

**William E. CRUMP, III, Plaintiff-Appellee,**

v.

**William D. VAUGHAN; William B. Vaughan; Ellis Lindsey; D.B. Mayberry; Glendol Garrett; Olen Treadway; Wynnewood Bancshares, Inc.; J.E. Epperson; Defendants.**

**D.B. MAYBERRY, Defendant-Third-Party Plaintiff,**

and

**Federal Deposit Insurance Corporation, as Receiver of The First National Bank**

and Trust Company of Oklahoma City,
Defendant-Appellant,

v.

Marvin ACREE, Third-Party Defendant.

Nos. 87–1196, 87–1197, 87–1095
and 86–2894.

United States Court of Appeals,
Tenth Circuit.

June 17, 1987.

Jay B. Williams, Kenneth I. Jones, Jr., and Lyle R. Nelson, of Jones, Blaney & Pringle, Oklahoma City, Okl., for Federal Deposit Ins. Corp.

Paul L. Thomas of Render & Kamas, Wichita, Kan., for Marvin Acree.

Kenneth G. Mayfield, Oklahoma City, Okl., for William E. Crump III.

K. Nicholas Wilson of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., for William D. Vaughan and William B. Vaughan.

James S. Matthews, Jr., Newcastle, Okl., for Reece & Gray, Inc., and Richard A. Gray.

Ted W. Haxel, Purcell, Okl., for McClain County Nat. Bank of Purcell.

Phil W. Gordon, Chickasha, Okl., for First State Bank of Blanchard.

Before McKAY, BARRETT, and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate records, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these causes. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The causes are therefore ordered submitted without oral argument.

The Federal Deposit Insurance Corporation (FDIC) as petitioner-appellant challenges orders of the respondent federal district judge remanding two removed actions to state courts, filing for each case a petition for writ of mandamus and a direct appeal. The FDIC's undisputed factual allegations and the record provide the following chronology.

On July 14, 1986, the First National Bank & Trust Company of Oklahoma City was declared insolvent and the FDIC was appointed receiver. On August 13, 1986, counsel for the FDIC filed verified petitions to remove an "extremely large number of cases" then pending in the state courts to which the insolvent bank was a party. Each of the petitions for removal was accompanied by a formal application for an extension of time in which to comply with 28 U.S.C. § 1446(a) and W.D.Okla.R. 26, which require that a petition for removal be accompanied by copies of certain papers filed in the state proceedings. In support of each application, counsel for the FDIC stated that although the applicant was proceeding with "due diligence to obtain copies of all documents to file with [the district court], in light of the numbers involved, Applicant is unable to produce them at this time." R. No. 86–2894, Doc. 8 at ¶ 4; *see also* R. No. 87–1095, Doc. 5 at ¶ 4.

On August 22, 1986, the district court denied the application for extensions. On September 4, 1986, the FDIC filed in each case an "Application to Comply with Local Court Rule, Post-Removal," which indicated that all necessary documents had been obtained from the state courts and

were ready for filing. The district court denied both applications initially and on reconsideration, and remanded the cases to the state trial courts for the reason that they were "improvidently removed in that the FDIC was not prepared to satisfy the rules governing documentation of removal cases." R. No. 86–2894, Doc. 15; *see also* R. No. 87–1095, Doc. 21.

The FDIC alleges without contradiction that, of the many related cases it sought to remove, only these two were remanded. The FDIC has taken the instant appeals from the remand orders in these two cases and also petitions for mandamus.

The threshold question before us is whether we have jurisdiction to issue mandamus or to review the district court's orders in light of 28 U.S.C. § 1447(d), which generally forbids review of remand orders "on appeal or otherwise." The Supreme Court held in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), that the provision of § 1447(d) barring review is inapplicable if the district court remands on grounds not permitted by § 1447(c). *Id.* at 344–46, 96 S.Ct. at 589–90; *see also Sheet Metal Workers International Association v. Seay*, 693 F.2d 1000 (10th Cir.1982), *aff'd on petition for reh'g*, 696 F.2d 780 (10th Cir.1983).

If, however, "a trial judge *purports* to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his [or her] order is not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise." *Thermtron*, 423 U.S. at 343, 96 S.Ct. at 589 (emphasis added). A remand order thus is unreviewable even if "the district court 'had employed erroneous principles in concluding that it was without jurisdiction.'" *Sheet Metal Workers*, 693 F.2d at 1005 (quoting *Gravitt v. Southwestern Bell Telephone*

Co., 430 U.S. 723, 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977)); *see also Thermtron*, 423 U.S. at 351, 96 S.Ct. at 593. ("Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court.").

In the instant case the district court remanded explicitly because the case was "improvidently removed," but was silent on whether it was "without jurisdiction." [1] We are thus called upon to decide whether district courts must invoke both grounds recited in § 1447(c) in order to preclude all appellate review. In *Sheet Metal Workers* we noted that

"the Fifth Circuit has said that the conjunctive language of § 1447(c), 'improvidently *and* without jurisdiction' (emphasis added), is not to be read as it appears; instead that court's position is that the phrase is to be read in the disjunctive so that a case may be properly remanded as removed improvidently, even if federal jurisdiction is present."

693 F.2d 1000, 1004–05; *see also London v. United States Fire Insurance Co.*, 531 F.2d 257, 260 (5th Cir.1976); *Robertson v. Ball*, 534 F.2d 63, 65 n. 2 (5th Cir.1976). Although we noted numerous examples of remand on nonjurisdictional grounds when the initial removal was procedurally defective, we declined to consider there "whether a disjunctive construction of § 1447 is warranted." *Sheet Metal Workers*, 693 F.2d at 1005. We believe that the question is now clearly presented and we agree with the Fifth Circuit that § 1447(c) provides disjunctive grounds for remand.

*Thermtron* limited the facially absolute language of 28 U.S.C. § 1447(d) (a remand order "is not reviewable on appeal or otherwise"), by construing that language *in pari materia* with the "removed improvidently and without jurisdiction" language

---

1. The court based its holding on the FDIC's failure "to satisfy the rules governing documentation of removed cases." There are cases which hold that omission of papers filed in state court does not affect removal jurisdiction. *See, e.g., Riehl v. National Mutual Insurance Co.*, 374 F.2d 739, 742 (7th Cir.1967), and *Covington v. Indemnity Insurance Company of North Amer-*

*ica*, 251 F.2d 930, 933 (5th Cir.), *cert. denied*, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958); *but see Sheet Metal Workers*, 693 F.2d at 1005 & 1005 n. 7 (suggesting that procedural defects may be grounds for remand). As our discussion above indicates, we cannot review whether the district court erred in equating such a procedural default with improvident removal.

of § 1447(c). 423 U.S. at 345, 96 S.Ct. at 590. We apply the same process to hold that § 1447(c) must be read disjunctively in order not to eviscerate the thrust of § 1447(d). The Supreme Court has since made clear that the *Thermtron* exception to nonreviewability of remand orders is narrow. *Gravitt,* 430 U.S. at 724, 97 S.Ct. at 1440. The language in *Thermtron* is consistent with this construction of § 1447; although the Court quotes the conjunctive language of § 1447(c), its discussion appears to treat the propriety of removal and the jurisdiction of the court as disjunctive bases for remand. *See* 423 U.S. at 343–48, 96 S.Ct. at 589–92. In *Briscoe v. Bell,* 432 U.S. 404, 97 S.Ct. 2428, 53 L.Ed.2d 439 (1977), discussing *Thermtron* the Supreme Court declared, "Where the order is based on *one of the enumerated grounds,* review is unavailable no matter how plain the legal error in ordering the remand." *Id.* at 413 n. 13, 97 S.Ct. at 2433 n. 13 (emphasis added).

The district court based its remand on a ground provided in § 1447(c). To entertain the appeal or petition for writ of mandamus because the court failed to add the words "and without jurisdiction," would expand reviewability of remand orders significantly beyond that contemplated by *Thermtron* and its progeny. Accordingly, we dismiss the petitions and appeals before us here for lack of jurisdiction.

It is so ordered.