987 F.2d 682
 RICO Bus.Disp.Guide 8248
 WESTINGHOUSE CREDIT CORPORATION, Petitioner,
v.
Ralph G. THOMPSON, Chief Judge of the United States District
Court for the Western District of Oklahoma, Respondent.
Susan N. Cook; Estelle James; Carla Love; Robert M. Love;
Jeff Stallsmith; Bettye Hayes Teasley; Nancy L. Thompson;
John E. Thompson; Fred A. Sheriff; Robin E. Sheriff;
John B. Hamilton; Ronald E. Gilchrist, Jr.; Mack L. Rose;
Verle R. Garnos; J.C. Johnson; Peter G. Wipfli; Cesar E.
Aita; William A. Pitts; Susan J. Pitts; Charles L.
Higgins; Jean M. Higgins; R. Layton Runkle; Charla Ann
Runkle; Paul B. Edmonds; John B. Ballard, II; Gary J.
Lohne; Ronald W. Hines; Margaret E. Hines; Howard M.
Clayman; Jerry E. Clayman; Margaret C. Hirzel, Executrix
of the Estate of Fred R. Hirzel, Jr.; Braden R. Cross, Real
Parties in Interest.
 No. 92-6242.
 United States Court of Appeals,
Tenth Circuit.
 March 8, 1993.
 
 Joseph P. Titterington of Kenan Peterson and Titterington, Oklahoma City, OK, for petitioner Westinghouse Credit Corp.
 Karen L. Howick, Oklahoma City, OK, for real parties in interest.
 Before LOGAN, MOORE and KELLY, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 Petitioner Westinghouse Credit Corporation, by petition for writ of mandamus, requests an order of this court directing the district court to recall its remand and to exercise jurisdiction over certain federal securities and Oklahoma state law claims asserted against Westinghouse by plaintiffs. Because Westinghouse has not shown entitlement to the relief requested, the petition is denied.
 
 
 2
 Plaintiffs, the real parties in interest, were purchasers of interests in certain tax sheltered limited partnerships. They brought suit in 1985 against Westinghouse in the District Court of Oklahoma County, Oklahoma, alleging violations of the Securities Act of 1933 (1933 Act) and state securities laws, statutory and common law fraud and deceit, breach of fiduciary duty, and other Oklahoma state law claims. After plaintiffs amended their complaint to add claims against Westinghouse under RICO, Westinghouse removed the case to the United States District Court for the Western District of Oklahoma under the authority of 28 U.S.C. § 1441(a).
 
 
 3
 Plaintiffs then filed a motion in the district court requesting bifurcation of the pendent state law claims from the RICO claims and remand of the remaining pendent claims. The district court: (1) retained jurisdiction over the RICO claims; (2) remanded the claims brought under the 1933 Act; and (3) remanded the remaining pendent state law claims, declining to exercise jurisdiction under the rationale of United Mine Workers v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). It is in response to the last two sections of this order that Westinghouse has filed a petition for writ of mandamus and an appeal.
 
 
 4
 The threshold question is whether the district court's remand order is reviewable. The answer is: only partly. In examining this matter, it is necessary to separate the federal securities claims from the claims brought under Oklahoma law.
 
 
 5
 The district court noted that three of plaintiffs' claims were brought under the 1933 Act. Section 77(v) of that Act provides that "[n]o case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77(v). The district court, quoting from United States Industries, Inc. v. Gregg, 348 F.Supp. 1004, 1015 (D.Del.1972), rev'd on other grounds, 540 F.2d 142 (3d Cir.1976), cert. denied, 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (1977), reasoned that " '[15 U.S.C. § 77v] restricts the grant of general removal jurisdiction found in Subsection (a) [of 28 U.S.C. § 1441]' " and ordered remand of the 1933 Act claims. Cook v. Pepco, Inc., No. CIV-91-1003-T, slip op. at 3 (W.D.Okla. June 19, 1992).
 
 
 6
 Because the district court concluded that it lacked subject matter jurisdiction, this part of the remand order is not reviewable. 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(d) then provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Thus, all remand orders made pursuant to 1447(c) are unreviewable "whether erroneous or not and whether review is sought by appeal or by extraordinary writ." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976); see also Indian Country, U.S.A., Inc. v. State of Okla. ex rel. Okla. Tax Comm'n, 829 F.2d 967, 970 n. 1 (10th Cir.1987), cert. denied, 487 U.S. 1218, 108 S.Ct. 2870, 101 L.Ed.2d 906 (1988).[1]
 
 
 7
 Plaintiffs also asserted pendent state law claims over which the district court declined to exercise jurisdiction. The discretionary remand of the pendent claims is outside the scope of 28 U.S.C. § 1447(c), and thus review of the remand of those claims is not barred by § 1447(d). J.O. v. Alton Community Unit Sch. Dist. 11, 909 F.2d 267, 270 (7th Cir.1990); Scott v. Machinists Automotive Trades Dist. Lodge No. 190, 827 F.2d 589, 592 (9th Cir.1987); In re Romulus Community Sch. (Wayne County-MEA/NEA v. Romulus Community Sch.), 729 F.2d 431, 435 (6th Cir.1984); cf. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (§ 1447(c) is not the basis for the discretionary remand of pendent state law claims).
 
 
 8
 As noted above, Westinghouse has filed both a petition for writ of mandamus and an appeal. Review of the remand of the pendent claims, however, must be by mandamus. In Thermtron, 423 U.S. at 352-53, 96 S.Ct. at 594, the Court stated that "an order remanding a removed action does not represent a final judgment reviewable by appeal, '[t]he remedy in such a case is by mandamus to compel action and not by writ of error to review what has been done.' " Id. (quoting Chicago & Alton R.R. v. Wiswall, 90 U.S. (23 Wall.) 507, 508, 23 L.Ed. 103 (1875)); see also Alton Community, 909 F.2d at 270.[2]
 
 
 9
 To obtain a writ of mandamus, Westinghouse must show that the district court clearly abused its discretion. See Hustler Magazine, Inc. v. United States Dist. Court, 790 F.2d 69, 70 (10th Cir.1986). "[M]andamus is a drastic remedy which may be invoked only in extraordinary situations[;] ... a party seeking mandamus must demonstrate a clear abuse of discretion amounting to usurpation of judicial power, lack of an adequate alternative means of relief, and a clear and indisputable right to issuance of the writ." Albertson's Inc. v. Carrigan, 982 F.2d 1478, 1480 (10th Cir.1993) (citing Mallard v. United States Dist. Court, 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989)).
 
 
 10
 In remanding the state claims, the district court acknowledged that, because the RICO claims were not "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331," 28 U.S.C. § 1441(c) could not provide authority for remand.[3] The court, instead, relied upon United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, and declined to exercise its discretionary pendent jurisdiction.
 
 
 11
 Westinghouse argues that the district court was without discretion to remand the pendent claims because it had retained jurisdiction over the RICO claims. Westinghouse, however, does not cite any case directly holding that, where a federal district court retains the federal claim providing the basis for the original removal, it is prohibited from remanding pendent claims. Westinghouse argues that Carnegie-Mellon University v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), stands for this proposition. We disagree.
 
 
 12
 In Carnegie-Mellon, the Court held that "the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand [as well as to dismiss without prejudice] when the exercise of pendent jurisdiction is inappropriate." Id. at 351, 108 S.Ct. at 619. Even though in Carnegie-Mellon the complaint had been amended to eliminate the federal claim, the holding was not limited to those situations or to cases where the federal court had dismissed the federal claim.
 
 
 13
 In a case remarkably similar to this one, the Ninth Circuit has held that retention of federal claims and subsequent remand of pendent claims was appropriate. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1196 (9th Cir.1988). There, the court stated "[i]n cases removed on the basis of RICO claims, whether under section 1441(a) or section 1441(c), the district court may always exercise its discretion to retain the entire case or remand portions based upon the factors set forth in Gibbs and recently affirmed in Carnegie-Mellon." Id. (citation omitted). See also Joan Steinman, Removal, Remand, and Review in Pendent Claim and Pendent Party Cases, 41 Vand.L.Rev. 923, 970 (1988) (noting that the Carnegie-Mellon decision would "open the door to discretionary remand of pendent state law claims even when federal questions continue in federal court"). We therefore conclude that the district court had the authority to retain the RICO claims and to remand the pendent claims.[4]
 
 
 14
 Finally, Westinghouse argues that, if the district court had the discretion to remand the pendent claims, that discretion was abused under the circumstances of this case. We cannot agree. The pendent jurisdiction doctrine announced in Gibbs "is designed to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity...." Carnegie-Mellon, 484 U.S. at 351, 108 S.Ct. at 619. The district court carefully considered the history of this case, the fact that only one narrow factual issue remained to be decided under state law, fairness to the litigants, and the need for judicial efficiency in declining to exercise its pendent jurisdiction. Westinghouse's disagreement with the court's judgment on these matters does not mean the court abused its discretion. We affirm the district court, and hold it did not abuse its discretion in remanding the pendent claims.
 
 
 15
 Petitioner's application for writ of mandamus is DENIED.[5]
 
 
 16
 Because this order is unreviewable, we do not address Westinghouse's contention that the parties have waived the statutory prohibition against removal of the 1933 Act claims or that the claims are removable because they were advanced to fraudulently evade removal to the federal court.
 
 
 
 [2]
 This case is thus distinguishable from Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342 (10th Cir.1992), where review by appeal was appropriate. There, remand was ordered only after the determination on the merits of a nonjurisdictional issue involving a forum selection clause
 
 
 [3]
 28 U.S.C. § 1441(c) provides:
 (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.
 
 
 [4]
 In re Surinam Airways Holding Co., 974 F.2d 1255 (11th Cir.1992), is not to the contrary. In re Surinam holds that once a district court gains jurisdiction over a case based on 28 U.S.C. § 1441(d), it cannot remand some claims while retaining jurisdiction over third-party claims against a sovereign foreign entity. In re Surinam, however, is driven by the particular aim of § 1441(d) to " 'give sovereign foreign defendants an absolute right to a federal forum....' " Id. at 1260 (quoting Teledyne, Inc. v. Kone Corp., 892 F.2d 1404, 1409 (9th Cir.1989)). The peculiar forum guarantees present in § 1441(d), however, distinguish In re Surinam from this case
 Neither does Alton Community, 909 F.2d 267, support Westinghouse's argument. There the court issued a writ of mandamus requiring a district court to rescind its order remanding pendent claims to state court, in order to allow plaintiffs an opportunity to plead a federal claim. While this procedural result may obliquely imply that remand of pendent claims is not appropriate while a federal claim is still viable, such is not the holding of Alton Community. In the face of Carnegie-Mellon and Emrich, we will not read the procedural disposition at the end of Alton Community to prohibit the remand here.
 
 
 [5]
 Because mandamus is the appropriate vehicle for seeking relief from the district court's order, we shall issue a separate order disposing of the appeal in case No. 92-6241