**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROSE ARCHULETA, Personal
Representative of the Estate of Marvin
Archuleta,

       Plaintiff - Appellee,

    v.

WESLEY LACUESTA, RONALD
HENSINGER, JOHN DENKO, NEW
MEXICO STATE POLICE
DEPARTMENT, and NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY,

       Defendants - Appellants.

No. 96-2221

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D. Ct. No. CIV-95-1274-MV)**

---

Robert R. Rothstein and John L. Sullivan, Rothstein, Donatelli, Hughes,
Dahlstrom, Cron & Schoenburg, Santa Fe, New Mexico, for Plaintiff-Appellee.

Louis N. Colon, Legal Bureau/RMD, State of New Mexico, Santa Fe, New
Mexico, for Defendants-Appellants.

---

Before ANDERSON, TACHA, and BALDOCK, Circuit Judges.[*]

TACHA, Circuit Judge.

Plaintiff Rose Archuleta originally filed this action in New Mexico state court, seeking damages for violations of federal and state law. After Defendants removed the case to federal district court, Archuleta filed a motion to remand the action to state court. The district court granted the motion, ruling that the Eleventh Amendment barred some of the claims in federal court and further that the entire action, including the federal claims not barred by the Eleventh Amendment, should be remanded because removal was not authorized by 28 U.S.C. § 1441(a). Defendants seek to appeal the remand, or, alternatively, if we determine that the remand order is reviewable but not appealable because it is not a final order, they apply for a writ of mandamus reversing the remand. Because the district court remanded this action under 28 U.S.C. § 1441(c), however, we do not have the power to review the remand order either through appeal or mandamus. See 28 U.S.C. § 1447(d). Consequently, we dismiss the appeal and the application for mandamus.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Circ. R. 34.1.9. The case therefore is ordered submitted without oral argument.

- 2 -

## Background

Rose Archuleta, the successor personal representative of the estate of Marvin Archuleta, brought suit in the state district court for the Fourth Judicial District, County of San Miguel, New Mexico, alleging that New Mexico State Police officers used excessive force that resulted in the wrongful death of Marvin Archuleta. Defendants include the chief of the New Mexico State Police, the New Mexico State Police Department, the New Mexico Department of Public Safety, and various New Mexico State Police officers. Archuleta's amended complaint asserted violations of 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, N.M. STAT. ANN. § 41-4-12 (Michie Supp. 1996). Defendants removed the case to the United States District Court for the District of New Mexico by notice of removal filed on October 25, 1995, based on the federal claims under § 1983. On October 31, 1995, Archuleta filed a motion to remand the action to state court under 28 U.S.C. § 1447(c).

In a Memorandum Opinion dated August 15, 1996, the district court granted Archuleta's motion to remand the entire action to state court. Citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-03 (1984), and Edelman v. Jordan, 415 U.S. 651, 662-63 (1974), the court explained that the Eleventh Amendment bars suits in federal court for damages against states, state agencies, and state officials in their official capacities, unless the state

unequivocally waives its immunity or Congress expressly abrogates the state's immunity in creating a statutory cause of action. See Archuleta v. Lacuesta, No. 6:95-CV-1274 MV/DJS, slip op. (unnumbered page 2) (D.N.M. Aug. 15, 1996). The district court noted that Congress did not abrogate states' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983, see Quern v. Jordan, 440 U.S. 332, 341 (1979), and that New Mexico has not waived its immunity from suit in federal court, see N.M. STAT. ANN. § 41-4-4(F) (Michie Supp. 1996). Thus, the court ruled that it lacked jurisdiction over the claims against the state defendants, including those against the individual state officials in their official capacities, under the Eleventh Amendment. The court found that it only had original jurisdiction over Archuleta's federal claims against the state officials in their individual capacities, though it could also have exercised supplemental jurisdiction, under 28 U.S.C. § 1367(a), over the state law claims against the officials in their individual capacities. Nevertheless, the district court determined that the entire action, including those claims over which it had jurisdiction, had to be remanded to state court "because the Eleventh Amendment precludes this civil action from being one which could have been originally filed in federal court" and thus was not removable to federal court under 28 U.S.C. § 1441(a). Archuleta v. Lacuesta, slip op. (unnumbered page 6) (citing 28 U.S.C. § 1447(c)).

## Discussion

The removal statute, 28 U.S.C. § 1441(a), states in relevant part, ". . . [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." Some courts, including the Fifth and Seventh Circuits, have interpreted § 1441(a)'s reference to a "civil action" as requiring that the federal district court to which the case is removed have original (or supplemental) jurisdiction over the action *in its entirety*, foreclosing the possibility of piecemeal removal. See McKay v. Boyd Constr. Co., 769 F.2d 1084, 1086-87 (5th Cir. 1985); Frances J. v. Wright, 19 F.3d 337, 340-42 (7th Cir.), cert. denied, 513 U.S. 876 (1994). According to Frances J. and McKay, "if even one claim in an action is jurisdictionally barred from federal court by a state's sovereign immunity, or does not otherwise fit within the original or supplemental . . . jurisdiction of the federal courts, then, as a consequence of § 1441(a), the whole action cannot be removed to federal court." Frances J., 19 F.3d at 341 (citing McKay with approval).

Other circuits, however, have rejected this interpretation of § 1441, requiring the district courts to remand those claims barred by the Eleventh Amendment and retain jurisdiction over the claims not barred by the Eleventh Amendment. See Kruse v. Hawaii, 68 F.3d 331, 334-35 (9th Cir. 1995); Henry v.

- 5 -

Metro. Sewer Dist., 922 F.2d 332, 338-39 (6th Cir. 1990). In deciding to remand this case in its entirety, the district court relied on other cases from the same federal district, see, e.g., Flores v. Long, 926 F. Supp. 166 (D.N.M. 1995), appeal dismissed, 110 F.3d 730 (10th Cir. 1997), and followed the approach of the Fifth and Seventh Circuits. See Archuleta v. Lacuesta, slip op. (unnumbered page 4).

The Tenth Circuit has not yet had the opportunity to decide whether the presence of claims barred by the Eleventh Amendment requires remand of an entire civil case to the state court from which it was removed, or only remand of the claims barred by the Eleventh Amendment. We do not determine today which approach the Tenth Circuit will follow because, under 28 U.S.C. § 1447(d), we lack jurisdiction to review the remand order.

This result is dictated by our decision in Flores v. Long, 110 F.3d 730 (10th Cir. 1997). Flores involved facts nearly identical to those presented in this case. The district court there had remanded the entire action to state court after analyzing the split among the circuits on this issue and concurring with the unitary "civil action" approach of Frances J. and McKay. Id. at 733. In dismissing the defendants' appeal and mandamus application in Flores, this court addressed the threshold question of whether we had jurisdiction to review the district court's remand order in light of 28 U.S.C. § 1447(d). Id. at 731. That provision states in relevant part, "An order remanding a case to the State court

- 6 -

from which it was removed is not reviewable on appeal or otherwise . . . ." The Supreme Court has interpreted § 1447(d) more narrowly than its language suggests, barring appellate review only if the district court remands on grounds permitted by § 1447(c). Things Remembered, Inc. v. Petrarca, 116 S. Ct. 494, 497 (1995); Thermtron Prod., Inc. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976).

One of the grounds for remanding a case under § 1447(c) is the district court's lack of subject matter jurisdiction. After examining the district court order in Flores, we held in that case that we could not entertain the defendants' appeal or mandamus application because the district court had based its remand on its lack of subject matter jurisdiction.

A district court's assertion that it lacks subject matter jurisdiction, and even explicit references to § 1447(c), does not automatically render a remand order nonreviewable under § 1447(d). See Flores, 110 F.3d at 732. In Flores, we explained that we will determine by independent review the actual grounds upon which the district court believed it was empowered to remand. Id. The district court need not be correct in its determination that it lacked subject matter jurisdiction, however, so long as it made that determination in good faith. See id. at 733.

In <u>Flores</u>, we interpreted the ruling by the district court as a good faith determination that the district court lacked subject matter jurisdiction for two reasons.  First, it was reasonable for the <u>Flores</u> district court to treat Eleventh Amendment immunity as a jurisdictional bar because it is unclear whether the Supreme Court would consider Eleventh Amendment immunity to be an affirmative defense or a jurisdictional bar (which nonetheless can be waived) for the purposes of the removal statute.  <u>Id</u>. at 732.  The Supreme Court has long recognized that the Eleventh Amendment defense possesses qualities both of subject matter jurisdiction, in that it can be raised for the first time on appeal, <u>see</u>, <u>e.g.</u>, <u>Edelman v. Jordan</u>, 415 U.S. 651, 677-78 (1974), and that of personal jurisdiction, in that it can be waived by the affected party, <u>Idaho v. Couer d'Alene Tribe</u>, 117 S. Ct. 2028, 2034 (1997).  The Court has not directly determined how it would treat Eleventh Amendment immunity for purposes of the removal statute.  <u>Flores</u>, 110 F.3d at 732-33.

Second, the district court, in the absence of guidance from this circuit and in light of a split among the other circuit courts, was not unreasonable in following the two circuits that have ruled that a district court lacks jurisdiction to hear any part of a removed action when some of the claims are barred.  <u>See id.</u> at 733.  This court's determination that the <u>Flores</u> district court made its jurisdictional findings in good faith was unaffected by the fact that the court also

- 8 -

referred to policy considerations such as preserving the plaintiff's choice of forum and judicial economy. See id.

Accordingly, we held:

> The remand order was based to a fair degree upon the [district] court's finding that it lacked subject matter jurisdiction to hear the case. Therefore, the district court remand was pursuant to § 1447(c) and under § 1447(d) we have no jurisdiction to review the remand order.

Id. Flores, then, stands for the proposition that where a district court in good faith remands a case for lack of jurisdiction under § 1447(c), we do not have the power to review the remand. We lack this power even where the district court may have employed erroneous principles in concluding that remand is required. Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723, 723-24 (1977) (per curiam); FDIC v. Alley, 820 F.2d 1121, 1123 (10th Cir. 1987). Thus, even if Eleventh Amendment immunity does not act as a jurisdictional bar for purposes of the removal statute, and even if the unitary "civil action" approach upon which the Flores district court relied is incorrect, until the Tenth Circuit or the Supreme Court has an opportunity to address these issues and decides otherwise, a district court's reliance on these theories as a basis for remanding an entire case is beyond our power of review. This reasoning was the basis of our dismissal of the appeal in Flores, and it likewise is the basis of our dismissal of the appeal in this case.

- 9 -

The district court here employed the same reasoning as the <u>Flores</u> district court in concluding that it lacked subject matter jurisdiction over the case. <u>See</u> <u>Archuleta</u>, slip op. (unnumbered page 4) (applying unitary "civil action" theory). Here, as in <u>Flores</u>, we find that the district court made its jurisdictional determinations in good faith. As in <u>Flores</u>, the court below bolstered its remand decision with references to judicial economy and deference to the plaintiffs' choice of forum. <u>See id</u>. (unnumbered pages 4-5). While these considerations, by themselves, are not valid grounds for remand under § 1447(c), <u>see</u> <u>Thermtron</u>, 423 U.S. at 351, here they were not the exclusive grounds for the remand, but rather were in addition to the jurisdictional grounds. Because the remand decision was based to a fair degree on jurisdictional findings, we are precluded by § 1447(d) from reviewing that decision, on appeal or otherwise.

**Conclusion**

Under 28 U.S.C. § 1447(d), we lack the power to review the district court's remand order in this case. Accordingly, we dismiss Defendants' appeal and application for mandamus.

No. 96-2221, Archuleta v Lacuesta

BALDOCK, Circuit Judge, dissenting.

Assuming, as the court's opinion does, that the Eleventh Amendment is a limit on a federal court's subject matter jurisdiction rather than a waivable affirmative defense, a debatable assumption at best, the court correctly concludes that under 28 U.S.C. § 1447(d), we do not have the power to review the district court's remand of the claims barred by the Eleventh Amendment.  My agreement with the court's opinion ends with this conclusion.  The court then conveniently avoids the question of whether 28 U.S.C. § 1441(a) requires remand of the entire case where a portion of its claims are barred by the Eleventh Amendment, by holding that the district court determined in good faith that it lacked subject matter jurisdiction over the entire case.  The court's reading of the district court's order in this case is untenable.  Contrary to the court's opinion, we have both the power and duty to review the district court's remand of the claims which are not barred by the Eleventh Amendment, because the district court's remand order was not, "to a fair degree," based upon a lack of subject matter jurisdiction as required by 28 U.S.C. § 1447(c).  Flores v. Long, 110 F.3d 730, 733 (10th Cir. 1997).  Therefore, I dissent.

A.

Under § 1447(d), an order remanding an action on a ground authorized by § 1447(c) is immune from review.  See Things Remembered, Inc. v. Petrarca, 116

S. Ct. 494, 497 (1995). Only two grounds for remand exist under § 1447(c), namely, (1) a lack of subject matter jurisdiction and (2) "any defect other than lack of subject matter jurisdiction," i.e., a procedural or nonjurisdictional defect.[1] Because this court dismisses the appeal for lack of subject matter jurisdiction, its opinion does not address any other possible defect in Defendants' removal. At the outset, then, we are concerned only with the first ground for remand under § 1447(c)--the district court's lack of subject matter jurisdiction over the case.

As the court correctly notes, if a district court makes a "good faith" determination that it lacks subject matter jurisdiction over a particular action, despite relying on erroneous principles in doing so, then the remand order is immune from review under § 1447(d). See Flores, 110 F.3d at 732-33. The court also correctly notes that a district court's assertion that it lacks subject matter jurisdiction, even with reference to § 1447(c), does not per se render a remand order unreviewable under § 1447(d). Rather, as we recognized in Flores, "'[P]owerful policy considerations and persuasive authority support our power-- and responsibility--to look past contextually ambiguous allusions and even specific citations to § 1447(c) to determine <u>by independent review of the record</u> the actual grounds or basis upon which the district court considered it was

---

[1] On October 1, 1996, Congress amended § 1447(c) by removing the language "any defect in removal procedure," and replacing it with "any defect other than lack of subject matter jurisdiction." Pub. L. No. 104-219, 110 Stat. 3022 (1996).

empowered to remand.'" Id. at 732 (quoting Mangold v. Analytic Serv. Inc., 77 F.3d 1442, 1450 (4th Cir. 1996)) (emphasis added).

But the court then reasons, erroneously, that because in Flores we construed the district court's remand order as concluding that it lacked subject matter jurisdiction over the entire case, we are bound to read the district court's remand order in this case the same way. Not so. The availability of appellate review of a particular remand order is determined by reference to that particular order, not an order in an entirely different case. See Flores, 110 F.3d at 732. The district court in this case never ruled it lacked subject matter jurisdiction over the action in its entirety. Unlike our reading of the district court's order in Flores v. Long, 926 F. Supp. 166 (D.N.M. 1995), appeal dismissed 110 F.3d 730 (10th Cir. 1997), which I am bound to accept, no reasonable reading of the district court's remand order in this case even remotely suggests that the district court remanded the case because it lacked subject matter jurisdiction over the action in its entirety.

The district court ruled that it lacked subject matter jurisdiction only over the claims against the state agencies, including the official-capacity claims against the state officials, under the Eleventh Amendment. The district court further ruled that it had original subject matter jurisdiction over the remaining federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The court wrote: "It is therefore clear

- 3 -

that the Court has original jurisdiction over Plaintiff's § 1983 claims against the named individual state officers in their individual capacities. Accordingly, the Court would also have supplemental jurisdiction over Plaintiff's state law claims against the named individual state officials in their individual capacities." Archuleta v. Lacuesta, No. CV-95-1274-MV, unpub. order at 3-4 (D.N.M., filed Aug. 15, 1996) (reproduced as Appendix I). The district court nevertheless decided that 28 U.S.C. § 1441(a) required it to remand the action in its entirety because the Eleventh Amendment barred a portion of the claims.[2] The district court supported its decision to remand the entire action with various policy considerations having nothing to do with subject matter jurisdiction. The court cited the policies of avoiding the additional costs, res judicata problems, and possible prejudice to both parties engendered by parallel federal and state court proceedings, as well as the policy of protecting Plaintiff's choice of forum.

The only language in the district court's order which even hints of a purported lack of subject matter jurisdiction reads: "The Court further concludes

_____

[2] Section 1441(a) reads:

　　Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a)

- 4 -

that Defendants removed this case <u>improvidently and without jurisdiction</u> because the Eleventh Amendment precludes this civil action from being one which could have originally been filed in federal court." <u>Archuleta</u>, unpub. order at 6 (emphasis added). Such language cannot justify this court's conclusion that the district court's remand was based on a lack of subject matter jurisdiction. First, the "improvidently and without jurisdiction" language was deleted from 28 U.S.C. § 1447 by the Judicial Improvement and Access to Justice Act of 1988, Pub. L. No. 100-702, § 1016(c), 102 Stat. 4642, 4670 (1988), and could not have been relied upon by the district court in good faith. Second, taken literally, the district court's statement is manifestly incorrect and cannot be relied upon in good faith because civil actions containing claims barred by the Eleventh Amendment are routinely filed in federal court. Only those claims barred by the Eleventh Amendment are dismissed, not necessarily the entire action. <u>See</u> <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 121 (1984) (Eleventh Amendment bars claims, not cases); <u>Mascheroni v. Board of Regents</u>, 28 F.3d 1554, 1558 (10th Cir. 1994) (same). Third, the only logical way to read the district court's statement is in the context of the district court's reasoning as to why it remanded the entire case. The district court remanded the case because it believed 28 U.S.C. § 1441(a) did not authorize the action's removal from state

court in the first place, not because the district court believed it lacked subject matter jurisdiction over the action.

This court's blind reliance on Flores forces us to ascribe a legal error to the district court in this case that the district court never made–specifically, the error that a removal in purported violation of § 1441(a) somehow deprived the district court of subject matter jurisdiction. One cannot reasonably argue that the removal statutes, including § 1441(a), set forth principles of subject matter jurisdiction, although that's what this court says the district court opined. The unreasonableness of this court's position is not surprising, but rather apparent, because the removal statutes are solely procedural in nature. See e.g., Mackay v. Uinta Development Co., 229 U.S. 173, 176 (1913) ("Removal proceedings are in the nature of process to bring the parties before the United States court."); Peterson v. BMI Refractories, 124 F.3d 1386, ___ (11th Cir. 1997) ("Supreme Court has long treated the technical requirements of the federal removal statutes as procedural, not jurisdictional."); Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 49 (3d Cir. 1995) ("Supreme Court [has] consistently refused to treat the removal statutes as imposing independent jurisdictional requirements."). Even assuming § 1441(a) did not authorize the action's removal, the district court still had subject matter jurisdiction over those claims not barred by the Eleventh Amendment. The district court expressly recognized this in its

- 6 -

remand order. <u>Archuleta</u>, unpub. order at 3-4. In relying on § 1441(a) to remand the entire action, the district court at most recognized a procedural or nonjurisdictional defect in Defendants' removal. <u>See</u> <u>supra</u>, note 1. Whether Defendants' removal of this action from state court was improper is a question separate and apart from the question of the district court's subject matter jurisdiction. If the removal statutes were a source of subject matter jurisdiction, then every defect in removal procedure would amount to an unwaivable lack of subject matter jurisdiction. But this is not the case. <u>See</u> 28 U.S.C. § 1447(c) (after 30 days, failure to object to a procedural or nonjurisdictional defect in removal constitutes waiver). Thus, it escapes me how this court concludes that the district court ruled in good faith that 28 U.S.C. § 1441(a) somehow deprived it of <u>subject matter jurisdiction over the entire action</u>.

## B.

The only logical construction of the district court's remand order is that "the federal removal statute does not countenance piecemeal removal of particular claims, and that 'civil' action under the removal statute [28 U.S.C. § 1441(a)] refers to the entire case filed in state court." <u>Archuleta</u>, unpub. order at 4. Because, contrary to this court's opinion, the district court clearly did <u>not</u> remand the action for lack of subject matter jurisdiction and could not have done so in

good faith, the court should address the issue of whether the presence of claims barred by the Eleventh Amendment required the district court to remand the entire action.

To resolve this issue, the court first should ask whether § 1441(a) proscribes removal of an action where one portion of the action is within the original subject matter jurisdiction of the district court, but the remaining portion is not. If the answer to this first question is no, our inquiry there ends because we undoubtedly have appellate jurisdiction under 28 U.S.C. § 1291 to conclude that the district court committed reversible error in remanding to state court the federal claims against the state officials in their individual capacities. See Quackenbush, 116 S. Ct. at 1718-20 (Because the district court's remand order was not properly based on § 1447(c) and put the litigants "effectively out of court," surrendering jurisdiction of a federal suit to a state court, the remand order was final and appealable.).

If the answer to the first question is yes, however, the court next should ask whether failure to meet the requirements of § 1441(a) constitutes a procedural or nonjurisdictional defect under § 1447(c). If the answer to this second question is no, the court likewise has jurisdiction under 28 U.S.C. § 1291 to affirm the district court because a remand based upon a failure to meet the requirements of § 1441(a) is not an unreviewable order under § 1447(d). See Things

Remembered, 116 S. Ct. at 497 (only an order remanding an action under § 1447(c) is immune from review under § 1447(d)).

If the answers to both the first and second questions are yes, the court then should ask whether Plaintiff raised the § 1441(a) objection within thirty days of removal as required by § 1447(c). If the answer is no, then Plaintiff has waived the defect, and the court should issue a writ of mandamus directing the district court to exercise jurisdiction over the federal claims. While this court has not addressed the issue of whether, absent a timely objection, a district court is empowered to remand an action sua sponte for a procedural or nonjurisdictional defect under § 1447(c), every circuit to have considered the issue has held that a district court lacks this power and issued a writ of mandamus directing the district court to exercise jurisdiction. See e.g., In re First Nat'l Bank of Boston, 70 F.3d 1184, 1187-90 (11th Cir. 1995), vacated upon settlement 102 F.3d 1577 (11th Cir. 1996); Page v. City of Southfield, 45 F.3d 128, 132-33 (6th Cir. 1995); In re Continental Cas. Co., 29 F.3d 292, 294-95 (7th Cir. 1994); In re Allstate Ins. Co., 8 F.3d 219, 222-23 (5th Cir. 1993). See also Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 352-53 (1976) ("[U]se of mandamus [is proper] to prevent nullification of the removal statutes by remand orders resting on grounds having no warrant in law.").

Finally, if the answer to all three questions is yes, the court would not have jurisdiction to review the district court's remand of this action under § 1447(d). The court does have jurisdiction, however, to answer these questions for only then can we determine whether the court actually lacks appellate jurisdiction to review a remand based upon a timely objection to a procedural or nonjurisdictional defect under § 1447(c).  See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376 (1940) (Federal courts have authority "to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute[s] under which they are asked to act.").

C.

In this case, the court need not answer the second and third questions for its answer to the first question should be a resounding no.  Because § 1441(a) does not proscribe removal of the federal claims against the state officials in their individual capacities, the district court committed reversible error in remanding these claims to state court.  The court need not inquire further.

As the court's opinion notes, the circuits are divided over this first question of whether the presence of claims barred by the Eleventh Amendment requires remand of an entire civil case to state court or only remand of the barred claims. The Fifth and Seventh Circuits held the former.  McKay v. Boyd Constr. Co., 769 F.2d 1084, 1086-87 (5th Cir. 1985); Francis J. v. Wright, 19 F.3d 337, 340-42

- 10 -

(7th Cir. 1994). The Sixth and Ninth Circuits held the latter. Henry v. Metro Sewer Dist., 922 F.2d 332, 338-39 (6th Cir. 1990); Kruse v. Hawaii, 68 F.3d 331, 334-35 (9th Cir. 1995); see also Brewer v. Purvis, 816 F. Supp. 1560, 1570-71 (M.D. Ga. 1993), aff'd w/o opinion, 44 F.3d 1008 (11th Cir. 1995). I believe the latter is the better view.

McKay and Francis J. erroneously equate the requirements of the removal statutes, specifically § 1441(a), (or what they call "removal jurisdiction"), which are waivable, with original subject matter jurisdiction, which is not waivable. As explained, § 1441 does not prescribe separate rules of subject matter jurisdiction. Rather, § 1441 merely provides a procedural mechanism for a party to remove a qualifying case to federal court. See Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1543-46 (5th Cir. 1991) (distinguishing improper removal from lack of subject matter jurisdiction). Thus, both McKay and Francis J. improperly raised sua sponte what at most was a procedural or nonjurisdictional defect which plaintiffs had long since waived. This is simply wrong.

Perhaps the greater problem with McKay and Francis J., however, is the construction that these cases place upon 28 U.S.C. § 1441(a). Section 1441(a) states that "any civil action brought in State Court of which the district courts . . . have original jurisdiction, may be removed . . . ." Both McKay and Francis J. construe § 1441(a) to say that a district court must have original subject matter

- 11 -

jurisdiction over a civil action <u>in its entirety</u> before removal is permitted. Section 1441(a) cannot reasonably be read to say this.

A "civil action" is no less a civil action because it contains claims barred by the Eleventh Amendment. <u>See</u> Fed. R. Civ. P. 2 ("There shall be one form of action to be known as 'civil action.'") A civil suit in federal court is a "civil action," whether the suit is originally filed in or removed to federal court. <u>See</u> Fed. R. Civ. P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts."). Had Plaintiff originally filed this action in district court, the court undoubtedly would have maintained jurisdiction over the federal law claims against the state officials in their individual capacities under its original subject matter jurisdiction and would have dismissed the claims barred by the Eleventh Amendment. Plaintiff might then have brought her Eleventh Amendment claims in state court. In <u>Pennhurst</u>, the Supreme Court recognized that <u>application of the Eleventh Amendment may result in the trial of claims arising out of a common incident in both federal and state court</u>. 465 U.S. at 121-22.

Second, a fully consistent reading of § 1441(a) under the logic of <u>McKay</u> and <u>Frances J.</u> would bar removal of any civil rights action containing both federal claims cognizable under 42 U.S.C. § 1983, and state claims cognizable

under 28 U.S.C. § 1367.[3] This is because the term "original jurisdiction" as used in § 1441(a) cannot be reasonably construed to include supplemental jurisdiction. Supplemental jurisdiction under § 1367 differs unmistakably from original jurisdiction. Yet, civil actions containing both federal and state law claims are removable under § 1441(a). See 28 U.S.C. § 1441(c) (permitting removal of claims within the district court's supplemental jurisdiction); H.R. Rep. No. 101-734, at 22-23 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6868-69 (indicating claims within federal courts' supplemental jurisdiction are removable). Thus, the court should construe § 1441(a) to permit a defendant to remove those portions of a federal civil rights action over which the district court has original subject matter jurisdiction.

The court's interpretation of § 1441(a) should afford closer parity in the treatment of removed actions and original actions. Reasonably construed, § 1441(a) authorizes a defendant to remove any case which a plaintiff could have

---

[3]Section 1367(a) provides:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added).

- 13 -

originally filed in federal district court. The court should read § 1441(a) as a pass-through provision authorizing removal of a case which could have been originally filed in federal court, and not as a provision providing different rules of subject matter jurisdiction in removed cases. While the removal statute does not countenance the partial removal of civil actions, the remand of only some of an action's claims clearly is permitted. See Westinghouse Credit Corp. v. Thompson, 987 F.2d 682, 685 (10th Cir. 1993); Texas Hosp. Ass'n v. National Heritage Ins. Co., 802 F. Supp. 1507, 1515-16 (W.D. Tex 1992) (collecting cases). Because the Eleventh Amendment is a jurisdictional bar against specific claims, not entire actions, it does not deprive a federal court of otherwise proper jurisdiction over the remainder of the action.

D.

Understandably, the federal district judges in New Mexico are not enthusiastic about adding more cases to their already crowded dockets. Not surprisingly then, New Mexico's federal district judges uniformly hold that the district court's lack of jurisdiction due to Eleventh Amendment immunity over some but not all claims in a civil rights action bars removal of any part of the action, and therefore remand the entire action. In addition to Flores and Archuleta, also see Jackson v. Central New Mexico Correctional Facility, No. CV-93-1384-PJK, unpub. order (D.N.M., filed March 15, 1996); Hill v. New

- 14 -

Mexico, No. CV-95-0117-M, unpub. order (D.N.M., filed March 13, 1996); Atwa v. New Mexico Highway & Transportation Dept., No. CV-95-948-JC, unpub. order (D.N.M., filed Dec. 11, 1995); Fay v. Davis, No. CV-95-949-JP, unpub. order (D.N.M., filed Dec. 5, 1995).  But as the Supreme Court has admonished the district courts: "[A]n otherwise properly removed action may be no more remanded because the district court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be dismissed or referred to state courts for such reason." Thermtron Products, 423 U.S. at 344. Federal district courts "have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush, 116 S. Ct. at 1720-21.  While this duty is not absolute, a district court may decline to exercise its original subject matter jurisdiction only in exceptional circumstances. See id.  The existence of a parallel state proceeding and the problems it engenders alone are insufficient to support a decision to remand claims within a district court's federal question jurisdiction under 28 U.S.C. § 1331.  The district court in this case based its remand order largely on what it labeled "equitable and practical considerations." Archuleta, unpub. order at 4.  Such considerations, however, provide no basis for remanding an otherwise properly removed action for damages.  See Quackenbush v. Allstate Ins. Co., 116 S. Ct. 1712, 1728 (1996) ("[F]ederal courts have the power to . . . remand cases based on abstention

principles only where the relief being sought is equitable or otherwise discretionary."). In this case, I would direct the district court to exercise its Congressionally-mandated jurisdiction over the federal claims against the state officials in their individual capacities.[4] Accordingly, I dissent.

---

[4] The district court remanded the state law claims against the officers in their individual capacities even though the court recognized that these claims fell within its supplemental jurisdiction under 28 U.S.C. § 1367. The district court did not abuse its discretion in remanding these claims. See King Fisher Marine Svc., Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir. 1990). A district court may remand claims within its supplemental jurisdiction when the exercise of supplemental jurisdiction is inappropriate. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). The district court may exercise this discretion to remand even when federal claims remain in the suit. See Westinghouse Credit Corp. v. Thompson, 987 F.2d 682, 684-85 (10th Cir. 1993). In this case, the Eleventh Amendment required remand of the state law claims against the state officials in their official capacities. The district court did not abuse its discretion in remanding the state law claims against the officials in their individual capacities as well.